UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JESSE ELGIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:13CV01647 ERW |
| ) | |
| DAVID W. MCKAY, JR., et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on "Separate Defendant David W. McKay, Jr.'s Motion to Dismiss Plaintiff's First Amended Complaint" [ECF No. 17].

**I.   BACKGROUND**

Plaintiff Jesse Elgin ("Plaintiff") filed this civil rights action against Defendants David W. McKay, Jr. ("McKay") and Flatrock Grille, LLC, doing business as Lucas Park Grille ("Lucas Park Grille"), on August 20, 2013 [ECF No. 1]. Subsequently, Plaintiff filed his First Amended Complaint, asserting four claims against Defendants: Count I – Use of Excessive Force in Violation of Fourth and Fourteenth Amendments to United States Constitution, cognizable under 42 U.S.C. § 1983 Against Defendant McKay; Count II – Assault and Battery of Plaintiff by Defendant McKay cognizable under State Law; Count III – Respondeat Superior Liability of Defendant Lucas Park Grille based on Defendant McKay's Assault and Battery of Plaintiff cognizable under State Law; and Count IV – Premises Liability of Defendant Lucas Park Grille based on Defendant McKay's Assault and Battery of Plaintiff cognizable under State Law [ECF No. 9].

McKay subsequently filed his Motion to Dismiss, and his Answer to First Amended Complaint [ECF Nos. 17, 19]. In his Motion to Dismiss, McKay claims Plaintiff's First Amended Complaint fails to allege sufficient facts for use of excessive force, or assault and battery, against him; and McKay contends these claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). [ECF Nos. 17, 18]. On December 19, 2013, Plaintiff filed an unopposed "Motion to Dismiss without Prejudice Count IV and to Amend First Amended Complaint by Interlineation" [ECF No. 22]. In addition to seeking dismissal without prejudice of his premises liability claim, Plaintiff also sought to amend the First Amended Complaint by interlineation, as follows: 1) striking the claim for punitive damages in Count III; 2) striking the claim for attorney's fees in Count III; 3) striking paragraph 52; and 4) striking paragraph 50, and inserting a revised paragraph in lieu of the stricken language. The Court granted Plaintiff's motion on December 20, 2013 [ECF No. 23]. Plaintiff filed his Response to McKay's Motion to Dismiss on December 31, 2013, and McKay submitted his Reply on January 7, 2014 [ECF Nos. 25, 26].

## II.  LEGAL STANDARD

A party may move under Rule 12(b)(6) to dismiss a complaint for "fail[ing] to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss is to test "the sufficiency of a complaint[.]" *M.M. Silta, Inc. v. Cleveland Cliffs, Inc.*, 616 F.3d 872, 876 (8th Cir. 2010).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When ruling on a motion to dismiss, a court "must liberally construe a complaint in favor of the plaintiff[.]" *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010). However, if a claim fails to allege one of the elements necessary to recovery on a legal theory, that claim must be dismissed for failure to state a claim upon which relief can be granted. *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011). "Threadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Although courts must accept all factual allegations as true, they are not bound to take as true "a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (internal quotations and citation omitted); *Iqbal*, 556 U.S. at 677-78.

## III. DISCUSSION

For purposes of this determination, the Court accepts the following well-pleaded factual allegations of the First Amended Complaint as true. On August 20, 2011, Plaintiff was a patron at the Lucas Park Grille located in the City of St. Louis. In the early morning hours of that day, Plaintiff, accompanied by several companions, exited Lucas Park Grille, which was closing. After Plaintiff exited the building, he noticed that his sister was not by his side, and he paused to wait for her. One of Plaintiff's companions, Blake Huddleston, was approached by McKay, a St. Louis Metropolitan Police Department ("SLMPD") law enforcement officer who was working department-approved secondary employment at Lucas Park Grille. Huddleston informed McKay that Plaintiff's sister had become separated from their group and they intended to wait for her to appear before exiting. McKay directed Huddleston to depart without delay. Plaintiff's sister

3

caught up to Huddleston at the exit of the Lucas Park Grille premises. As Huddleston and Plaintiff's sister were leaving, McKay pushed Huddleston out the door. McKay then pushed Plaintiff's sister from behind, and out the door. Plaintiff was standing a few feet outside the Lucas Park exit when this occurred.

After watching his sister being pushed out the door, Plaintiff asked McKay to stop pushing his sister. Thereafter, Plaintiff was assaulted by one or more individuals for approximately two minutes. Plaintiff believes the individual or individuals who assaulted him were McKay, other STLMPD officers, and Lucas Park Grille employees. Plaintiff does not know, and McKay has not revealed, the identities of the other police officers and Lucas Park Grille employees who assaulted him.

McKay was present during the assault and battery of Plaintiff. McKay had a realistic opportunity to protect Plaintiff from the unidentified officers' use of excessive force and the Lucas Park Grille employees' assault and battery, because McKay was in close proximity to Plaintiff, the attack and use of force lasted long enough for McKay to respond and intervene, and McKay was physically capable of intervening.

Plaintiff suffered visible injuries from the officers' use of excessive force, and an ambulance was summoned. Plaintiff spoke with an employee of the St. Louis Fire Department. Plaintiff was informed that his nose may have been broken and fractures most likely existed. Plaintiff was upset and concerned for his safety due to the police officers still being in the area and observing his treatment. Due to these concerns, Plaintiff decided to forego treatment and left the area with a group of companions. Plaintiff was never informed that he was under arrest, was not taken into custody, and was not charged with any offense in connection with the Lucas Park Grille encounter.

Following the encounter, McKay authored a SLMPD Incident Report bearing the number CN 11-047677. In this report, McKay identified Plaintiff as the victim of an assault by an unknown white male dressed in all black clothing. McKay further reported he had contact with the unknown assailant, moved the assailant away from the crowd scene after the assault, and then lost contact and sight of the assailant. McKay additionally reported he interviewed witness concerning the incident. On one or more occasions, McKay misreported what the witnesses saw, or what the witnesses told McKay they saw.

After the night of the incident, McKay telephoned Plaintiff and stated he did not mean for Plaintiff to get assaulted. McKay gave Plaintiff the Incident Report number, and told Plaintiff to contact a different officer, Mark Hall, if Plaintiff had additional questions. Plaintiff's counsel made several efforts to contact Officer Hall, but none of his calls were returned.

McKay seeks dismissal of the claims Plaintiff brings against him in Counts I (Use of Excessive Force brought pursuant to 42 U.S.C. § 1983) and II (Assault and Battery under State Law) of the First Amended Complaint [ECF Nos. 17, 18]. McKay argues Counts I and II contain nothing more than legal conclusions and a formulaic recitation of the elements of the causes of action. McKay further argues the First Amended Complaint's factual allegations, read as a whole, do not support the claims asserted against him [ECF No. 26].

McKay claims the First Amended Complaint's allegations reveal Plaintiff does not know who was involved in the altercation causing him injury. McKay further claims the amended pleading indicates McKay might have been the only officer actually assaulting and battering Plaintiff, but also alleges McKay possibly acted with a group of others and simultaneously failed to intervene to protect Plaintiff in the same occurrence. McKay contends Plaintiff asserts two conflicting causes of action against him under the facts set forth in the First Amended Complaint:

1) one requiring McKay's failure to act and intervene when others were touching Plaintiff; and 2) one requiring him to physically touch Plaintiff. He emphasizes that the allegations show Plaintiff does not know the identities of the other police officers and Lucas Park Grille employees who allegedly assaulted and brutalized Plaintiff, and argues they raise the possibility Plaintiff was assaulted by McKay only. McKay claims the First Amended Complaint's allegations are contradictory and inconsistent, and McKay contends that, if he was the sole individual who assaulted Plaintiff, then he could not simultaneously protect Plaintiff from the other officers' use of excessive force or fail to intervene to prevent the other officers' use of force against Plaintiff.

Plaintiff argues he has alleged sufficient facts to state a claim to relief that is plausible on its face in both counts of his Complaint[1] [ECF No. 25]. Plaintiff claims his amended pleading alleges separate attacks by McKay and other officers and employees present at the scene of his assault, and alleges the incident lasted over two minutes. He contends the Court's ruling in *Rohrbough v. Hall*, No. 07-00996, 2008 WL 4722742 (E. D. Mo. Oct. 23, 2008), establishes it is possible for a law enforcement officer to use excessive force against an individual, and to fail to intervene to prevent another officer from doing the same. *Id*. at **5-6. This Court agrees that excessive use of force and failure-to-intervene are not conflicting causes of action.

In the *Rohrbough* decision cited in both parties' arguments, this Court considered, in the context of a summary judgment motion, a situation where the plaintiff also sought to recover from a defendant police officer on the theories of excessive use of force and failure to protect. 2008 WL 4722742 at **4-5. After determining the evidence was sufficient to show a genuine issue of fact as to whether the police officer used force against plaintiff and as to whether the

---

[1] Alternatively, Plaintiff requests leave to file a second amended complaint, should the Court determine either count is deficient.

force was excessive, the Court further found that summary judgment should not be granted on the plaintiff's claim against the officer for failure to intervene. *Id.* at 5-6. In making this determination, the Court, noting the plaintiff presented sufficient evidence that there may have been another officer present at the scene who beat the plaintiff, concluded, "If this happened, [the officer] may be liable under 42 U.S.C. § for his failure 'to intervene to prevent a fellow officers' excessive use of force.'" *Id*. at *6.

To show a Fourth Amendment violation by the use of force, plaintiffs must establish that an officer's use of force is objectively unreasonable, given the facts and circumstances of the incident, as "judged from the perspective of a reasonable officer on the scene." *Bishop v. Glazier*, 723 F.3d 957, 961 (8th Cir. 2013) (internal quotation and citation omitted); *see also Rohrbough*, 2008 WL 4722742 at *4 (although right to effect a particular seizure carries with it the right to use some degree of physical coercion to effect it, the court must consider factors such as severity of suspected crime, whether the individual poses immediate threat to safety of the officer or others, and whether he is actively resisting or attempting to evade seizure). The Court finds the Complaint contains sufficient factual matter, accepted as true, to state a facially plausible excessive-use-of-force claim. At the time of the incident, Plaintiff had exited Lucas Park Grille. After Plaintiff asked McKay to stop pushing his sister, Plaintiff was assaulted by one or more individuals for approximately two minutes, and he believes the individual or individuals who "made contact with, assaulted, battered, and otherwise used excessive force against" him were McKay, other SLMPD officers, and Lucas Park Grille employees. Plaintiff suffered visible injuries from this use of force. Following the encounter, McKay authored an incident report identifying Plaintiff as an assault victim, not an aggressor. Liberally construing

7

the First Amended Complaint in Plaintiff's favor, the Court finds Plaintiff pleads factual content that allows the Court to reasonably infer McKay may be liable for the alleged misconduct.

Furthermore, even if McKay did not use force, he still may liable under 42 U.S.C. § 1983 for failing to intervene to prevent the excessive use of force by fellow officers, under two theories: 1) he was present at the scene with a realistic opportunity to prevent the excessive use of force, but failed to do so; or 2) he was instrumental in assisting the attackers to place Plaintiff in a vulnerable position . *See Rohrbough*, 2008 WL 4722742 at *5. Accepting the First Amended Complaint's allegations as true, and liberally construing them in Plaintiff's favor, the Court finds Plaintiff has sufficiently pleaded a claim against McKay for failure to intervene. Plaintiff alleges McKay was in close proximity to Plaintiff while Plaintiff was being attacked by unidentified officers, and the assault lasted for approximately two minutes. Plaintiff has sufficiently alleged McKay was close enough to intervene, and the attack lasted long enough to provide McKay a realistic opportunity to prevent the attack. The Court will deny McKay's motion to dismiss Count I.

In addition to his assertion that Plaintiff's assault and battery claim consists merely of legal conclusions and a fomulaic recitation of the required elements, McKay additionally argues Plaintiff's assault and battery claim is the state law equivalent of his use-of-excessive-force claim, and is therefore duplicative of Count I. Plaintiff denies his state law claim for assault and battery is duplicative of his first count, and he argues he is entitled to assert both causes of action and may recover under either theory. Although the Court agrees the two claims arise from the same factual circumstances, and a recovery of damages on the 42 U.S.C. § 1983 claim has the potential to be duplicative of any damages on the assault and battery claim, the pleading rules permit setting forth alternative statements of a claim in separate counts, and parties may state as

many separate claims as they have, regardless of consistency. *See* Fed. R. Civ. P. 8(d). Accordingly, the Court finds McKay's duplicative-claim argument inappropriate for consideration in a motion to dismiss.

To prevail on a claim for assault under Missouri law, a plaintiff must show an unlawful offer or attempt to injure him with the apparent present ability to effectuate the attempt under circumstances creating a fear of imminent peril. *Geiger v. Bowersox*, 974 S.W.2d 513, 516 (Mo. Ct. App. 1998). A plaintiff must show an intended, offensive bodily contact with another to establish a claim of battery. *Id.* "[G]enerally speaking, an assault is distinguishable from a battery in that the former is merely an unlawful attempt or offer to use force to the injury of another, while the latter is the actual unlawful use or commission of such violence. *Adler v. Ewing*, 347 S.W.2d 396, 402-03. Plaintiff alleges he did nothing to warrant the use of force against him and he was not taken into custody or charged with any offense. Plaintiff additionally alleges McKay prepared an incident report identifying Plaintiff as a victim of an assault. Plaintiff alleges that McKay was one of the officers who made physical contact with him; McKay committed the contact with the intent to cause Plaintiff apprehension of offensive contact and bodily harm; Plaintiff was "assaulted and brutalized" for approximately two minutes; and Plaintiff suffered visible injuries and great fear for his safety from McKay's conduct and the officers' use of excessive force. Liberally construing the First Amended Complaint in Plaintiff's favor, the Court finds he has sufficiently alleged the essential facts necessary to state a basis for relief in Count II of his First Amended Complaint. The Court will deny McKay's motion to dismiss Count II.

Accordingly,

**IT IS HEREBY ORDERED** that Separate Defendant David W. McKay, Jr.'s Motion to Dismiss Plaintiff's First Amended Complaint [ECF No. 17] is **DENIED.**

Dated this   27th   day of January, 2014.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE